ALEXANDER C. CASTRIOTIS and Another, Doing Business as Copartners under the Firm Name and Style of A. C. CASTRIOTIS-KONTOS & Co., and Another, Respondents, *v.* GUARANTY TRUST COMPANY OF NEW YORK, Appellant.

First Department, June 1, 1923.

Attachment — action by sheriff and judgment creditor in aid of attachment — warrant of attachment does not require caption — use of words in caption of warrant " The People of the United States " was mistake that was properly corrected by order of court — no objection was made thereto at time writ was served — order of publication of summons was granted on sufficient evidence.

In an action by a sheriff and judgment creditors in aid of an attachment levied on property in the possession of the defendant, a warrant of attachment was not invalid because the caption thereof read " The People of the United States " instead of " The People of the State of New York," since the use of the words " The People of the United States " was so palpably a mistake that the writ could be amended by a subsequent order of the court and it was, in fact, properly amended by such an order.

Furthermore, the objection is not good since it was not raised at the time the writ was served but only in a supplemental answer served about three years thereafter.

There was sufficient evidence before the court to grant the order of publication of the summons in the action in which the attachment was issued, since it appeared that an affidavit by one of the plaintiffs in support thereof contained a positive statement that the defendant resided in Greece and could not be served within the State of New York, and that he knew such to be the fact from correspondence, and that he attached to his affidavit an envelope postmarked in Greece and a cablegram from the same place, which he stated were received by him from the defendant.

APPEAL by the defendant, Guaranty Trust Company of New York, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New

York on the 22d day of November, 1922, upon the verdict of a jury rendered by direction of the court.

*Frank M. Patterson* [*Mervyn Mackenzie* with him on the brief], for the appellant.

*Bullowa & Bullowa* [*Walter C. Noyes* of counsel; *Emilie M. Bullowa* and *Charles C. Sanders* with him on the brief], for the respondents.

SMITH, J.:

The action was brought under the provisions of the Code of Civil Procedure by the sheriff of New York county and the plaintiffs, copartners, doing business as A. C. Castriotis-Kontos & Co., in aid of an attachment issued out of the New York Supreme Court, in an action brought by the plaintiffs, copartners, against George B. Chryssomallos. The attachment was levied upon the interest of said Chryssomallos in a warehouse receipt for 520 bales of tobacco issued to and in the possession of the defendant, the Guaranty Trust Company. A certified copy of the necessary papers was duly served on the trust company, which thereafter refused to make any delivery under the attachment. The plaintiffs, having obtained service of Chryssomallos by publication, duly entered judgment in the attachment action, and thereupon, with the aid of the sheriff, brought this action.

This action has been in this court before upon demurrer (190 App. Div. 938), and the Court of Appeals apparently settled the rights of the plaintiffs to recover in 229 New York (p. 74), and the defense here is purely technical. The only defense, while seeking to raise some of the questions decided by the Court of Appeals, seems to be the invalidity of the attachment and the judgment entered in the attachment action. The warrant of attachment, when issued, read " The People of the United States," instead of " The People of the State of New York," but it was signed by a judge of the New York Supreme Court, and it was afterwards amended, in accordance with permission granted by the court, so as to correct this error.

The plaintiffs in this action made proof of the entry of the judgment in the attachment action, and of the failure of the defendant to comply with the requirements of the judgment, by refusing to make delivery under the warrant of attachment. At the end of the plaintiffs' case the defendant made a motion for a dismissal of the complaint, and upon this motion being denied, offered no proof, but rested and then renewed its motion to dismiss the complaint, which was denied; the plaintiffs then moved for the direction of a verdict, and it is from the judgment entered

thereupon that this defendant appeals. It is claimed, as above stated, that the warrant of attachment, the levy made thereunder, and the judgment entered thereupon, were all invalid, the defendant making two points in connection with this claim: *First*, that the warrant, as above stated, was in the name of "The People of the United States;" and, *second*, that the order of publication granted herein was upon evidence insufficient to show the non-residence of the defendant in the attachment action.

The writ of attachment was granted in an action in the Supreme Court, and it was not necessary that there should be any designation in the way of a caption, as the writ itself was not an initiating proceeding; but if it were necessary, the use of the words "People of the United States" was so palpably a mistake that the writ could be amended by a subsequent order of the court, whereby this mistake was corrected. Furthermore, a certified copy of this writ was served on this defendant, Guaranty Trust Company, at the time that it was issued in the year 1918. No question was raised at the time by the Guaranty Trust Company that any such error existed, and no effort was made on behalf of the attachment debtor to raise this point.

As to the second proposition raised by this defendant, that the order of publication was issued on insufficient evidence, the affidavits submitted showed that the defendant Chryssomallos was a resident of Greece and could not be served within the State of New York. This is based on the positive statement of the affiant, one of the plaintiffs, who states, further, that he knows this fact from correspondence had with the defendant; and he attaches to his affidavit an envelope postmarked from Greece, which he says was received by him, and a cablegram received by him from the attachment debtor, marked Exhibits A and B. These exhibits show that Chryssomallos was a tobacco dealer in Volo, Greece, and show facts and information sufficient to justify the issuance of the order of publication.

This action was commenced by the service of a summons dated October 26, 1918, and thereafter the defendant demurred; and after the matter was disposed of by the Court of Appeals decision, holding that the complaint stated a cause of action, the defendant put in what is called a supplemental answer, which is undated in the record, but which the statement under rule 234 of the Rules of Civil Practice shows, was served September 26, 1921. This answer for the first time raises the above technical objections.

The judgment should be affirmed, with costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Judgment affirmed, with costs.